IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18-cv-00081 |
| | ) | |
| v. | ) | |
| | ) | |
| NORRIS BROTHERS EXCAVATING, LLC, | ) | |
| JACOB W. NORRIS, and JUSTIN L. NORRIS, | ) | |
| Defendants. | ) | |

## MOTION TO REOPEN ACTION

Plaintiff Westfield Insurance Company ("Westfield"), by and through counsel, respectfully submits this Motion to Reopen Action (the "Motion"). As grounds for this Motion, Westfield would show the following to the Court:

1. By Order entered on January 21, 2020 (Doc. 69), the Court referred Westfield and Defendants Norris Brothers Excavating, LLC ("Norris Brothers"), Jacob W. Norris, and Justin L. Norris (Norris Brothers, Jacob, and Justin collectively, the "Defendants") to a judicial settlement conference with Judge Randal S. Mashburn. Westfield and Defendants participated in a judicial settlement conference with Judge Randal S. Mashburn on January 28, 2020, during which the parties reached a settlement in principle relative to all claims and defenses pending in this action. Among the principal terms of the settlement was the administrative closure of this action pending the Defendants' periodic settlement payments to Westfield over time.

2. The settlement was later finalized and memorialized by a formal Settlement Agreement the Defendants executed on February 12, 2020.

3. With respect to the reimbursement of Westfield's "Adjusted Loss," the Settlement Agreement provides, in relevant part:

> **The Defendants agree to reimburse [Westfield's] actual unreimbursed Loss paid minus the Credits . . . through monthly settlement payments of $5,000,00** in full and final settlement of the [Westfield's] claims against the Defendants under the Indemnity Agreement and the Shareholders' Agreement.
>
> The Defendants acknowledge that [Westfield's] Adjusted Loss is subject to increase or decrease based upon the resolution of current or future claims against the Bonds and/or current or future claims arising under the Bonded Contracts, for which [Westfield] may be required to pay additional Loss and/or from which [Westfield] may recoup additional proceeds of the Bonded Contracts. [Westfield] shall provide the Defendants with an accounting of [Westfield's] Adjusted Loss within 15 days of receipt of a written request from the Defendants.
>
> **The Defendants shall repay [Westfield's] Adjusted Loss through (a) installment payments of $5,000 per month to [Westfield] on or before the fifteenth day of each month starting February 15, 2020 until the Plaintiffs Adjusted Loss is repaid in full.**

(Emphasis added).

4. With respect to default and Westfield's remedies for default, the Settlement Agreement provides, in relevant part:

> **The Defendants fully understand and acknowledge that their failure to make a monthly payment to [Westfield] within 30 days of [Westfield] sending written notice of the Defendants' failure to make a payment on or before its due date shall constitute a default under this Agreement.** Upon a default under this Agreement, [Westfield] shall be entitled to exercise any rights granted to the [Westfield] under the Indemnity Agreement or the Shareholders Agreement including, but not limited to, [Westfield's] Right to Settle.
>
> In addition to [Westfield's] other remedies upon the Defendants' default under this Agreement, [Westfield] is expressly authorized, and the Defendants expressly grant the [Westfield] the power of attorney and/or authority, to confess judgment against the Defendants in the amount of the [Westfield's] Adjusted Loss, the amount of which confessed judgment shall be established through a sworn affidavit of an authorized representative of [Westfield] stating the amount of [Westfield's] Adjusted Loss as of the date of the confessed judgment. The Defendants acknowledge that they are granting [Westfield] the power of attorney and/or authority to confess judgment against them after the Plaintiff instituted the Lawsuit

against them and after process has been served upon them in the Lawsuit as contemplated by Tenn. Code Ann. § 25-2-101(b).

(Emphasis added).

5. With respect to the administrative closure of this action pending the Defendants' monthly settlement payments to the Westfield over time and Westfield's right to reopen the action upon the Defendants' default, the Settlement Agreement provides, in relevant part:

> The Defendants acknowledge that [Westfield] will request that the Lawsuit be administratively closed. **If the Court permits the Lawsuit to be administratively closed, the Lawsuit will remain administratively closed so long as the Defendants continue to fulfill their obligations under this Agreement.** In the event of any the Defendants' default under this Agreement, the Defendants acknowledge that [Westfield] will have the right to seek to reopen the Lawsuit for the purpose of exercising any of the rights and/or remedies granted in this Agreement, the Indemnity Agreement, or the Shareholders Agreement including, but not limited to, the entry of the Consent Judgment or the confession of judgment against the Defendants as authorized in Paragraph 2.

(Emphasis added).

6. Therefore, on March 5, 2020, pursuant to the terms of the Settlement Agreement, Westfield and Defendants submitted their Joint Motion to Administratively Close Action.

7. On March 9, 2020, the Court granted Westfield and Defendants' Joint Motion to Administratively Close Action.

8. As reflected by the April 27, 2021 email and attached correspondence from Westfield to the Defendants and their counsel attached hereto as Exhibit 1, Westfield notified the Defendants in writing of their failure to make timely payments for February, March, and April 2021 on or before their due dates as follows:

> Pursuant to a Settlement Agreement entered into between Westfield Insurance Company (Westfield) and Norris Brothers Excavating, Jacob W. Norris, and Justin L. Norris (collectively the Norris Indemnitors), in February, 2020 (the Settlement Agreement) you agreed personally and on behalf of the Norris Brothers Excavating Company to make payments of $5,000 on or before the 15th of each month beginning in February of 2020.

On April 20th, 2021, check number 21802 for $5000.00 was received by Westfield. On the date Norris had failed to pay its February, March, and April installments. This check will be applied to February.

**As of today's date no payment has been received for March or April of 2021. Failure to make payment within Thirty (30) days of the date of this letter shall constitute a default under the Settlement Agreement. Upon a default under the Agreement, Westfield shall be entitled to exercise any rights granted to it under the Indemnity Agreement or the Shareholders Agreement(s) including, but not limited to, the Plaintiff's Right to Settle. Westfield will also be entitled to confess judgment against you in accord with the terms of the Settlement Agreement.**

(Emphasis added).

9. To date, no additional settlement payments have been received from the Defendants, which constitutes a default under the Settlement Agreement, which has triggered Westfield's rights and remedies thereunder.

10. Therefore, Westfield seeks to reopen the action to exercise its rights and/or remedies under the Settlement Agreement, the Indemnity Agreement, and/or the Shareholders Agreement including, but not limited to, seeking a confession of judgment against the Defendants as authorized by Paragraph 2 of the Settlement Agreement.

For the foregoing reasons, Westfield respectfully requests that the Court grant Westfield's Motion to Reopen Action.

Respectfully submitted,

/s/ Jarrod W. Stone
Jarrod W. Stone      TN Bar No. 023915
MANIER & HEROD
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
Phone: (615) 244-0030
Fax: (615) 242-4203
JStone@ManierHerod.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via this Court's ECF system on the 28th day of June, 2021 upon the following:

W.I. Howell Acuff
Acuff & Acuff, P.C.
101 S. Jefferson Avenue
Cookeville, Tennessee 38501

*Attorney for Defendants*

                                              */s/ Jarrod W. Stone*